1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KENNETH HILL,                          No.  2:19-cv-1430 MCE AC P

12                  Plaintiff,

13        v.                                FINDINGS AND RECOMMENDATIONS

14   J. LYNCH, et al.,

15                  Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, originally filed this civil rights action in

18   Sacramento County Superior Court.  ECF No. 1 at 6-17.  Defendants removed the case to federal

19   court under 28 U.S.C. § 1441(a) on July 26, 2019.  Id. at 1-4.  Plaintiff objected to the removal on

20   the ground that his allegations were based on violations of state law.  ECF No. 5 at 1.  He further

21   stated that he intended to amend the complaint to remove any federal claims.  Id.  After reviewing

22   the complaint, the undersigned overruled plaintiff's objections because it was clear that he had

23   alleged violations of federal law, and the removal was timely and proper.  ECF No. 6.  However,

24   plaintiff was given an opportunity to file an amended complaint and motion to remand.  Id.

25   Plaintiff has now filed an amended complaint that removes all federal claims (ECF No. 10) and a

26   motion to remand to state court (ECF No. 8).  Defendants have stated that they are unopposed to

27   the case being remanded to state court based on the amended complaint's removal of any federal

28   claims.  ECF No. 12.

                                              1

Since plaintiff's federal claims have been removed, it is at this court's discretion whether to exercise supplemental jurisdiction over plaintiff's remaining state law claims.[1] Carlsbad Tech. Inc. v. HIF Bio, Inc., 556 U.S. 635, 640 (2009) (statutory supplemental jurisdiction over state law claims remains even after dismissal of federal claims and is exercised at court's discretion); 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction where all claims over which it had original jurisdiction are dismissed). The court's decision whether to exercise supplemental jurisdiction should be informed by "values of economy, convenience, fairness, and comity." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citations and internal quotation marks omitted). Further, primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 & n.7 (1988) (citation omitted); Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994) ("'[I]n the *usual* case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.'" (emphasis and alteration in original) (quoting Schneider v. TRW, Inc., 938 F.2d 986, 993 (9th Cir. 1991))). Because the federal claims have been removed and this case is in its early stages, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims and should instead remand the case to state court. See Carnegie-Mellon Univ., 484 U.S. at 357 ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.").

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand this action to state court (ECF No. 8) be GRANTED and the matter be remanded to the Sacramento County Superior Court.

////

---

[1] Plaintiff's state law claims were based upon the same incidents as his federal law claims. See 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

1      2. The Clerk of the Court be directed to mail a certified copy of the order of remand to

2 the clerk of the Sacramento County Superior Court.

3      These findings and recommendations are submitted to the United States District Judge

4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

5 after being served with these findings and recommendations, any party may file written

6 objections with the court and serve a copy on all parties. Such a document should be captioned

7 "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

8 objections shall be served and filed within fourteen days after service of the objections. The

9 parties are advised that failure to file objections within the specified time may waive the right to

10 appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11 DATED: October 22, 2019

12

13 ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28