UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. LYNCH, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-1430 MCE AC P<br><br><br>ORDER |

Plaintiff, a former state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and state law.

I.　　Procedural History

This action was originally filed in the Sacramento County Superior Court. ECF No. 1 at 6-17. After defendants removed the case, id. at 1-4, plaintiff objected on the ground that his allegations were based on violations of state law, ECF No. 5 at 1. Plaintiff was then given an opportunity to amend the complaint to remove any federal claims and file a motion for remand, ECF No. 6, which he did, ECF Nos. 8, 10. As a result, the undersigned recommended that the motion to remand be granted and that this matter be remanded to state court. ECF No. 13. Before the District Judge could rule on the findings and recommendations, plaintiff filed a second amended complaint in which he revived his federal claims. ECF No. 15. The recommendation that the motion to remand be granted was vacated, the motion to remand was denied, and the case

1

now proceeds on the second amended complaint.  ECF No. 16.

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints in which a prisoner[1] seeks relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

---

[1] Plaintiff was incarcerated at the time he filed the second amended complaint.

cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint sets out four claims against defendants Lynch, Haise, Haynie, Cross, Struve, Mohr, Ramirez, Ceja, Villasenor, Nichols, Davis, and Roswell for violating plaintiff's rights under the First and Eighth Amendments; article I, sections 2, 3, and 17 of the California Constitution;[2] and state tort law.[3] ECF No. 15. Specifically, plaintiff alleges that on November 26, 2018, Ramirez told him that he was going out to court that day and needed to be ready for escort to Receiving and Release (R&R) by 9:00 a.m. Id. at 10. At 8:30 a.m. Villasenor began harassing plaintiff and complaining that he was taking too long, and when plaintiff was finally ready, Villasenor continued complaining and threatened him by saying he would "make [plaintiff's] time hell." Id. at 10-11. Struve overheard Villasenor's comments and told him that plaintiff had been told to be ready at 9:00 a.m., to which Villasenor responded that plaintiff "ain't got shit coming." Id. Plaintiff proceeded to say that Villasenor was "acting like a little bitch," which prompted Struve to tell plaintiff not to talk about his partner like that. Id. When plaintiff

---

[2] The Bane Act, Cal. Civ. Code § 52.1(c), which plaintiff also cites, provides a right of private action for violations of the United States and California Constitutions.
[3] Plaintiff appears to allege compliance with the Government Claims Act (ECF No. 15 at 9). See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240, 1237 (2004) (for claims against a public entity, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint).

3

repeated the statement, Struve pushed him against the yard door and again told plaintiff not to talk about his partner like that. Id. When plaintiff further protested and told Struve he could say whatever he wanted, Struve grabbed his jacket, swung him around, and slammed him on the ground where he landed on his stomach and chest. Id.

After Struve took plaintiff to the ground, other officers began responding and Struve handcuffed plaintiff with Ramirez' assistance. Id. at 11-12. Plaintiff continued protesting, saying that he had a right to free speech and had done nothing wrong, and one of the officers responding put a mask over plaintiff's face, making him fear he would be assaulted. Id. at 12. The responding officers also placed leg chains on plaintiff's ankles as he continued protesting the mask. Id. at 12. While plaintiff was being restrained, Haynie told him the mask was to prevent him from getting bodily fluids on the officers, that he knew about plaintiff filing lawsuits, and that he could file a lawsuit about what was happening. Id. at 12-13. Plaintiff was then lifted off the ground and put on a gurney, and as he was rolled out of the building by Ceja, Mohr, Cross, and Roswell, his leg was rammed into the door, causing a deep gouge. Id. at 13. One of the defendants then laughed and told him he "better make sure nothing else gets smashed." Id. Upon arrival at medical, Cross told staff that plaintiff was refusing medical treatment even though he had not refused. Id.

At some point, Mohr and Cross called plaintiff to R&R where Nichols re-cuffed plaintiff too tightly behind his back and locked him in a holding cage. Id. at 14. Plaintiff told Mohr and Cross that the cuffs were too tight, but Cross told him it was not their problem. Id. Plaintiff was left in the holding cage for four hours during which time the R&R staff, who are not listed as defendants, ignored his requests to loosen the handcuffs and use the restroom, causing plaintiff pain in his shoulders, to urinate in his pants twice, and to begin experiencing thoughts of self-harm. Id. In response to plaintiff's reported desire to self-harm, Davis evaluated plaintiff but failed to offer any intervention even after he explained that his depression and post-traumatic stress disorder where being exacerbated by the conditions and the recent discontinuation of his medication. Id. at 14-15.

////

IV.     Supervisory Defendants

"There is no respondeat superior liability under section 1983," Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), and the complaint does not contain any facts showing that defendants Lynch and Haise were personally involved in any of the alleged violations and failed to intervene. Instead, plaintiff alleges that they "ratified" the actions of the other defendants when they conducted an inadequate investigation and found that defendants did not violate policy. ECF No. 15 at 17. This is not sufficient to state a claim for relief. See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisor can be liable for his personal involvement or if there is a sufficient causal connection between supervisor's conduct and violation); Cal. Gov't Code § 820.8 (public employee not liable for injury caused by conduct of another person).

V.      Excessive Force and Failure to Intervene

Plaintiff's first claim alleges that Haynie, Cross, Struve, Mohr, Ramirez, Ceja, Villasenor, Nichols, Heise, Lynch, and Roswell subjected him to excessive force in violation of the Eighth Amendment and article 1, section 17 of the California Constitution. ECF No. 15 at 18. The allegation that defendants Ceja, Mohr, Cross, and Roswell deliberately rammed plaintiff's leg into the door and injured it is sufficient to state a claim for excessive force. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (force is excessive if used "maliciously and sadistically to cause harm" (citation omitted)); Inmates of the Riverside Cnty. Jail v. Clark, 144 Cal. App. 3d 850, 859 (1983) ("California courts have consistently employed federal decisions in assessing charges of unlawful conditions of confinement." (citations omitted)). Plaintiff has also stated a claim for failure to protect against Cross and Mohr for failing to adjust his handcuffs after he advised them that they were too tight. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (Eighth Amendment violated where prison official is deliberately indifferent to serious risk of harm). However, though plaintiff alleges that Struve slammed him on the ground, it is not clear that the force was excessive because plaintiff does not identify any injuries that he suffered as a result of the use of force, nor does he allege any injuries from Struve and Ramirez applying handcuffs. Similarly, though plaintiff claims the leg irons and mask were unnecessary, he fails to identify any injuries he suffered from them or facts demonstrating an intent to cause harm. He also fails to allege any

facts showing that Nichols deliberately cuffed him too tightly upon his arrival at R&R, and there are no allegations that Haynie, Villasenor, Heise, or Lynch used any force against plaintiff.

VI.     <u>Freedom of Speech, Access to the Courts, and Retaliation</u>

Claim Two alleges that Haynie, Cross, Struve, Mohr, Ramirez, Ceja, Villasenor, Nichols, Heise, Lynch, and Roswell retaliated against plaintiff for exercising his right to speak freely and petition the court, violating the First Amendment and article 1, sections 2(a) and 3(a) of the California constitution. ECF No. 15 at 18. Plaintiff's allegations are insufficient to show that any defendant's conduct was retaliatory or violated his rights to free speech or to access the courts. Plaintiff's name-calling of defendant Villasenor does not constitute protected conduct or speech. See <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005) (retaliation claim must include allegation that defendant took adverse action against plaintiff because of his protected conduct and that the action chilled plaintiff's exercise of First Amendment rights and lacked legitimate correctional goal); <u>Gordon v. Gaeta</u>, No. 1:18-cv-1572 LJO EPG P, 2019 WL 1572529, at *3, 2019 U.S. Dist. LEXIS 62815, at *5-6 (E.D. Cal. Apr. 11, 2019) ("confrontational, disrespectful, and argumentative" conduct by prisoner not protected by First Amendment (collecting cases)). Additionally, while plaintiff alleges that Haynie was aware of his lawsuits, there are no facts showing that any defendant's conduct was motivated by the pending litigation or that his ability to access the courts was interfered with in any way.

VII.     <u>Deliberate Indifference to Serious Medical Need</u>

The third claim alleges that Haynie, Cross, Struve, Mohr, Ramirez, Ceja, Villasenor, Nichols, Heise, Lynch, Roswell, and Davis were deliberately indifferent to plaintiff's mental health disorders in violation of the Eighth Amendment and article 1, section 17 of the California Constitution. ECF No. 15 at 18. Plaintiff has failed to allege deliberate indifference to a serious medical need against any defendant except Davis. Davis' alleged failure to take any action to address plaintiff's conditions is sufficient to state a claim for deliberate indifference to plaintiff's serious medical need, see <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (deliberate indifference shown by a purposeful act or failure to respond to plaintiff's pain or medical need and harm cause by indifference). However, there are no allegations against any other defendants

that would demonstrate they were aware of plaintiff's mental health needs and ignored them. The allegation that Cross denied him medical treatment by saying that plaintiff refused treatment also fails to state a claim because there are no facts showing that plaintiff had a serious medical need at the time, was denied medical care, and suffered an injury as a result.

VIII.   Assault and Battery

Plaintiff's final claim alleges that the conduct of Haynie, Cross, Struve, Mohr, Ramirez, Ceja, Villasenor, Nichols, Heise, Lynch, and Roswell constituted assault and battery. ECF No. 15 at 18. For the same reasons that plaintiff has stated a claim for excessive force against defendants Ceja, Mohr, Cross, and Roswell, he also states claims for assault and battery against these defendants. See So v. Shin, 212 Cal. App. 4th 652, 668-69 (2013) (setting out elements for causes of action for assault and battery). However, plaintiff fails to state claims for assault and battery against any other defendant because he has not demonstrated that any other defendant acted with an intent to cause him harm or offense, and that he also suffered harm or offense as a result of their conduct. Id. (elements of assault include "intent to cause harmful or offensive contact" and harm to plaintiff as a result of defendant's conduct; elements of battery include "intent to harm or offend plaintiff" and harm or offense caused by defendant's conduct).

IX.   Leave to Amend

For the reasons set forth above, the court finds that the second amended complaint does not state any cognizable claims against defendants Haynie, Struve, Ramirez, Villasenor, Nichols, Heise, and Lynch or against any defendant for the violation of plaintiff's rights to free speech or access to the courts. The amended complaint also fails to state claims for deliberate indifference to a serious medical need against Ceja, Mohr, Cross, and Roswell. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Ceja, Mohr, Cross, and Roswell on his excessive force, assault, and battery claims; Cross and Mohr on his failure to protect claim; and Davis on his deliberate indifference claim. Alternatively, he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file a third amended complaint. If plaintiff elects to proceed on his claims against defendants Ceja, Mohr, Cross, Roswell, and Davis without amending the complaint, the court will proceed to serve the second amended complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the deliberate indifference claims against Ceja, Mohr, Cross, and Roswell; all claims against defendants Haynie, Struve, Ramirez, Villasenor, Nichols, Heise, and Lynch; and the claims for the violation of plaintiff's rights to free speech or access to the courts against any defendant.

If plaintiff chooses to file a third amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original and any previous amended complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

X. Plain Language Summary of this Order for a Pro Se Litigant

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated claims for relief against defendants Ceja, Mohr, Cross, and Roswell for excessive force, assault, and battery; Cross and Mohr for failure to protect; and Davis for deliberate indifference. You have not alleged enough facts to state claims for deliberate indifference against Ceja, Mohr, Cross, and Roswell; any claims against defendants Haynie, Struve, Ramirez, Villasenor, Nichols, Heise, and Lynch; or claims for the violation of your rights to free speech or access to the courts against any defendant.

You have a choice to make. You may either (1) proceed immediately on your excessive force, assault, and battery claims against Ceja, Mohr, Cross, and Rosswell; failure to protect claim against Cross and Mohr; and deliberate indifference claim against Davis and voluntarily dismiss the other claims and defendants, or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all other claims and defendants. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original or previous amended complaints. **Any claims and information not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The amended complaint does not state any cognizable claims against defendants Haynie, Struve, Ramirez, Villasenor, Nichols, Heise, and Lynch or against any defendant for the violation of plaintiff's rights to free speech or access to the courts. The amended complaint also fails to state claims for deliberate indifference to a serious medical need against Ceja, Mohr, Cross, and Roswell.

2. Plaintiff has the option to proceed immediately on his excessive force, assault, and battery claims against Ceja, Mohr, Cross, and Rosswell; failure to protect claim against Cross and

Mohr; and deliberate indifference claim against Davis as set forth above, or to amend the complaint.

3. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a third amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims against defendants Haynie, Struve, Ramirez, Villasenor, Nichols, Heise, and Lynch; of the claims for the violation of plaintiff's rights to free speech or access to the courts; and the claims for deliberate indifference to a serious medical need against Ceja, Mohr, Cross, and Roswell.

DATED: May 26, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL,<br><br>        Plaintiff,<br><br>   v.<br><br>J. LYNCH, et al.,<br><br>        Defendants. | No. 2:19-cv-1430 MCE AC P<br><br><u>PLAINTIFF'S NOTICE ON HOW TO PROCEED</u> |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his excessive force, assault, and battery claims against Ceja, Mohr, Cross, and Rosswell; failure to protect claim against Cross and Mohr; and deliberate indifference claim against Davis without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all other claims and defendants pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                                               Kenneth Hill<br>
                                                                               Plaintiff pro se